# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

vs.                                                        Case No. 6:12-cr-209-Orl-37DAB

ILAN FEDIDA

## ORDER

This cause is before the Court on Defendant's Renewed Motion for Ruling on Admissibility Prior Expert Testimony Under Rule 804 (Doc. 93), filed July 16, 2013. The Government filed a response in opposition to the motion. (Doc. 107.)

## BACKGROUND

Defendant renews his motion to admit at trial the testimony of certain nonparty expert witnesses, each of whom testified at an eight-hour hearing in this case that was consolidated with a hearing that was set in another case that involved the same issue—whether UR-144 and XRL11 are controlled substance analogues within the meaning of the statute. The expert witnesses were not retained by Defendant but rather were retained by, and attended the hearing to testify in favor of, a claimant who opposed the Government's seizure of funds in an unrelated proceeding involving a search warrant. Like the charges in this case, the seizures in that case were based upon the Government's contention that two substances, UR-144 and XLR11, are controlled substance analogues. The claimant in that case moved for the return of the seized funds, arguing that UR-144 and XLR11 do not satisfy the statutory definition of a controlled substance analogue. The same issue was raised by Defendant in this case as well, albeit in a different context. The Court held a single consolidated hearing where

the parties in the two cases were given an opportunity to present expert testimony and attorney argument.

## APPLICABLE STANDARDS

The hearsay rule prohibits admission of certain statements made by a declarant other than while testifying at trial. *See* Red. R. Evid. 801(c), 802. The expert witness testimony that Defendant seeks to admit at trial is hearsay. It is therefore not admissible unless an exception applies. *Id.* 802, 804. Defendant argues that the testimony is admissible under Federal Rule of Evidence 804(b)(1), which permits the admission of testimony of a witness who is unavailable that (a) "was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one," and (b) "is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." The Government opposes on the grounds that expert witnesses identified by Defendant are not unavailable and, as such, the exception found in Rule 804(b)(1) is not available to Defendant.[1]

Whether a declarant is unavailable as a witness under Rule 804(a) is a question of law. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1317 (11th Cir. 2013). "The burden of proving the unavailability of a witness under Rule 804(a) rests with the proponent of the hearsay evidence." *United States v. Acosta*, 769 F.2d 721, 723 (11th Cir. 1985). A declarant is considered unavailable as a witness if, among other things, the declarant is "absent from the trial or hearing and the statement's proponent has not

---

[1] In its response the Government also argues that the testimony was presented in an unrelated civil case. That argument is arguably not accurate as a factual matter—the testimony was presented a hearing the Court held in this action. Nor is it relevant as a legal matter because the rule itself authorizes testimony "given during the current proceeding or a different one." Fed. R. Evid. 804(b)(1)(A).

been able, by process or other reasonable means, to procure . . . the declarant's attendance." Fed. R. Evid. 804(a)(5)(A).

**DISCUSSION**

Defendant's proffered the following as to the availability of the expert witnesses. He has limited funds available, and those funds are already being spent on a retained expert. He cannot afford to hire the experts who testified at the hearing and cannot afford to pay for their travel to Orlando for trial. Three of the four experts have informed Defendant that they will not be at their usual place of business during trial because they are travelling. One informed Defendant that she could not afford to pay her own travel expenses should she be asked to appear at trial.

**I. Unavailability as a Witness**

First, while it appears these experts have not been subpoenaed and no showing has been made that there was an attempt to subpoena them, Defendant has made a showing that three of the experts are travelling and thereby presumably unable to be served. As the Defendant cannot pay to retain them, they are also not willing to cancel their engagements and appear at trial on short notice. On this proffer, the Court finds that Defendant has demonstrated that these three experts are unavailable under Rule 804(a)(5)(A).

Second, in the case of Ms. Harris, who appears to be simply unwilling to attend trial on short notice without being retained, the Court notes that a defendant is entitled to have the Court compel the appearance and testimony of witnesses favorable to the defense.[2] An expert witness is not privileged against being compelled to attend trial just

---

[2] As noted by the Second Circuit in *Kaufman*, experts can be compelled to testify about facts known to them, opinions that they have already formulated, or—in rare

3

because she is an expert. *Kaufman v. Edelstein*, 539 F.2d 811, 821 (2d Cir. 1976). Yet the fact remains that compelling Ms. Harris, who would be acting essentially as an un-retained expert, to testify could create such hostility that her appearance would be inimical to the defense (even if her opinions were unchanged), simply by her demeanor. The rule does not seem to require service of process, however, because it also contemplates witnesses who are absent where the proponent of that witness' testimony is not able to procure the witness' attendance by "other reasonable means." *See* Fed. R. Evid. 804(a)(5)(A). So, while the Court may be able to compel the attendance of Ms. Harris, the Court finds that she is unavailable based on Defendant's proffer that he cannot afford to retain her services and that she is unwilling to testify absent payment.[3]

## II. Former Testimony Exception to the Hearsay Rule

The testimony that Defendant seeks to admit at trial was given while those experts were witnesses in a hearing in this case. As such, it satisfies the requirements of Rule 804(b)(1)(A). The testimony was offered at that hearing against the Government, which was represented at the hearing by two Assistant United States Attorneys. The Government was provided an opportunity to cross-examine the experts at length at the hearing. In addition, because the experts gave opinion testimony concerning an issue that is hotly disputed in this case—that is, whether UR-144 and XRL11 are controlled substance analogues—the Government had a "similar motive" to develop their testimony at the hearing. The requirements of Rule 804(b)(1)(B) have

---

instances—freshly formed opinions. 539 F.2d at 821. Because Ms. Harris has already formulated opinions about the relevant issue—whether UR-144 and XRL11 are controlled substance analogues—she could conceivably be compelled to testify.

[3] The Court would therefore find that the other three experts, each of whom refused to testify absent payment of their fees, were unavailable for this reason as well.

4

been satisfied by Defendant.

The Court will allow the testimony of the four experts identified by Defendant in his motion to be admitted at trial pursuant to Rule 804(b)(1).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Renewed Motion for Ruling on Admissibility Prior Expert Testimony Under Rule 804 (Doc. 93) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 19, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record